IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY THOMAS FARHAT, )<br>)<br>    Plaintiff, )<br>)<br>v.                                     )<br>)<br>BOARD OF COUNTY              )<br>COMMISSIONERS OF          )<br>STEPHENS COUNTY            )<br>    Defendants.    ) | Case No. CIV-06-468-R |

## ORDER

This matter comes before the Court on the Motions to Dismiss, filed by Defendants Sharon Seeley and Nicole Baldwin, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded in opposition to the motions. By order dated February 5, 2008, the Court informed the parties of its intention to convert the motions to dismiss to motions for summary judgment. For the reasons set forth herein, the motions are granted.

Plaintiff alleges that he was injured as a result of Defendants' actions or inactions while he was incarcerated in the Stephens County jail between August 26 and 28, 2004. Defendant Baldwin asserts that Plaintiff's claims against her are barred, because she was added more than three years after the date of Plaintiff's alleged injuries. Plaintiff filed this action on April 27, 2006, asserting claims against the Board of County Commissioners of Stephens County, the Stephens County Sheriff, certain Duncan Police officers and Stephens County jailers, including John or Jane Does, unidentified Sheriff's Deputies. On September 25, 2006, Plaintiff filed a "First Amended Complaint" against listing John and Jane Does, unidentified sheriff's deputies. On November 9, 2007, Plaintiff amended again and this time

added Defendant Baldwin, a Stephens County Sheriff's Deputy, as a Defendant. Defendant Baldwin was served with the Second Amended Complaint on November 14, 2007. Defendant contends that Plaintiff's federal claims, under 42 U.S.C. §§ 1983 and 1985 are barred by the two year statute of limitations and that Plaintiff's state law claims are barred by the one year limitations period set forth in Okla. Stat. tit. 12§ 95(11). Plaintiff argues that the statute of limitations period was tolled until December 2007, and thus his claims are timely.[1] The Court disagrees.

The parties agree that for actions under 42 U.S.C. § 1983 and § 1985, that a two-year statute of limitations applies. Additionally, Plaintiff does not dispute that a one year statute of limitations period applies to his state law claims. Plaintiff contends, however, that the amended complaint in which he added Defendants Seeley and Baldwin relates back to the date he originally filed his complaint and therefore his claims are timely. Defendant alternatively argues that the statute of limitations should be equitably tolled because he was unable to discover the true identities of the Jane Does as a result of interference from either a defendant or some other person. Defendants object to both of Plaintiff's contentions. In his supplement, provided in response to the Court's indication that the motions to dismiss would be converted to motions for summary judgment, Plaintiff argued that the statute of limitations did not begin to run until December 2005, when he received an expert medical opinion in support of his claim. The Court will first address whether the first amended

---

[1] Perhaps Plaintiff is confusing the issue of tolling with the issue of the expiration of the statute of limitations, because he also asserts that he was unaware of a cause of action until December 2005, which would have started the running of the statute of limitations period, which would then have expired in December 2007.

2

complaint related back to the filing of the original complaint with regard to the claims against Defendants Seeley and Baldwin.

Rule 15(c) of the Federal Rules of Civil Procedure provides that an amended pleading will related back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004), the Court considered whether Rule 15(c) applies to the substitution of named defendants for originally pled "John Does." The Court concluded that such substitution generally amounts to adding a new party, and therefore all of the requirements of Rule 15(c)(3) must be met before the Court may find that an amended complaint relates back. *Id.* at 696. Based on *Garrett*, this Court cannot conclude that Plaintiff meets the requirements of Rule 15(c).

> [A]s a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3)(B). . . . As the Eleventh Circuit observed, the Advisory Committee Notes to Rule 15(c)(3) indicate that "the mistake proviso [was included] . . . in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" *Wayne*, 197 F.3d at 1003 (quoting

3

> Fed.R.Civ.P. 15(c)(3), Advisory Committee Notes to 1991 Amendments). A plaintiff's designation of an unknown defendant as "John Doe" in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address. We therefore hold that the district court did not err by holding that [Plaintiff's] amended complaints did not relate back to the date of his original complaint.

*Id.* at 696-97. Accordingly, Plaintiff in this action is not entitled to have his first amended complaint relate back so as to render his claims against Defendants Baldwin and Seeley timely. Thus, unless the statute of limitations did not begin to run in August 2004, when Plaintiff was injured and when he admits that he discovered his injury, according to the claim he filed with Stephens County, or absent a basis for tolling the statute of limitations, the Defendants will be entitled to summary judgment.

Federal law controls issues to when federal causes of action accrue. *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). Because the allegations in the amended complaint do not relate back to the filing of the original complaint, with regard to Defendants Baldwin and Seeley, Plaintiff's claims against them under 42 U.S.C. § 1983 are untimely unless they accrued on or after November 14, 2005.

> In general, under the federal discovery rule, claims accrue and '[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'" *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) In particular, "'[a] civil rights action accrues when facts that would support a cause of action are or should be apparent.'" *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotations omitted).

*Id.* In *Alexander*, the Court noted that a plaintiff need not have conclusive evidence of the cause of an injury to trigger the statute of limitations, rather it is whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm.

4

*Id.* at 1215-16.  As in *Alexander*, Plaintiff's injuries and the general cause were obvious in the aftermath of his hospitalization in August 2004, and it would be illogical to extend the accrual of his cause of action to December 2005 when an expert provided an opinion that indeed Plaintiff was injured by the alleged denial of medical care in August 2004.  As such, the Court concludes that Plaintiff's 42 U.S.C. § 1983 claims against Defendants Baldwin and Seeley accrued in August 2004 and were untimely, unless Plaintiff is entitled to equitable tolling.[2]

As noted above, the applicable statute of limitations for a § 1983 claim is derived from Oklahoma law.  "As such, state law governs the application of tolling in a civil rights action." *Alexander v. Oklahoma*, 382 F.3d 1206,  (10th Cir. 2004); *see also Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)(applying state law tolling rules in § 1983 context).

> In general, Oklahoma permits the tolling of a statute of limitations  in two circumstances.  First, the existence of a "legal disability" provides proper grounds for equitable tolling.  *See* Okla. Stat. tit. 12 § 96 (West 2000).  Although the exact definition of this term remains unclear, Oklahoma courts have applied this provision only for plaintiff's whose competency is impaired or who have not reached the age of majority.  *See e.g., Lovelace v. Keohane*, 831 P.2d 824, 624, 629 (10th Cir. 1992) (finding that those who could conduct their own business affairs over time are sufficiently competent to render them ineligible for "legal disability" tolling). . . . .
> Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action." *Id.* Therefore, if defendants engage in "false, fraudulent or misleading conduct" calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered.  *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla. 1987); *see also Hurt v. Garrison*, 192 Okla. 66, 133 P.2d 547, 550 (1942)

---

[2] Plaintiff's state law claims are subject to a one-year statute of limitations period and Plaintiff makes no argument that under Oklahoma law his state law claims did not accrue until November 2006.  Accordingly, the Court concludes that Plaintiff concedes his state law claims are untimely and thus those claims are dismissed.

5

(holding a statute of limitations tolled during a period of fraudulent concealment).

*Id.* at 1217.

Plaintiff does not directly argue that he is entitled to tolling under the first exception. However, he does allege that he suffered a brain injury in August 2004, allegedly at the hands of the Defendants, which rendered him unable to remember the names of the employees at the Stephens County Jail, including Defendants Baldwin and Seeley. Plaintiff also alleges short term memory loss. These allegations are insufficient to establish that Plaintiff was incompetent at any time following his injury or that he was incompetent for the approximately sixteen month period that the statute of limitations would need to be tolled in order to render his claims timely. As such, the Court concludes that Plaintiff is not entitled to equitable tolling on this basis.

Plaintiff argues more vehemently in favor of tolling because unspecified Defendants or unspecified other persons allegedly interfered with his ability to identify the two jailers whose motions are at issue herein. Plaintiff argues first that the Court's failure to conduct a scheduling conference until January 2007, after expiration of the statute of limitations, prevented him from discovering the necessary information because Rule 26(d) of the Federal Rules of Civil Procedure precludes discovery until such a conference has been conducted.

The Court notes at the outset that Plaintiff could have, and should have, sought refuge from Rule 26(d) and its limitation on conducting discovery prior to a status or scheduling conference. "[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). "The rule makes clear, however,

6

that this limitation can be overridden by court order." *Best Western Intern., Inc. v. Doe*, 2006 WL 2091695 (D.Ariz. 2006). "An order permitting discovery before a Rule 26(f) conference my be issued for 'good cause.'" *Id.* (quoting *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D.Ariz. 2001).*Qwest Communications Int'l, Inc. V. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003); *Pod-ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D.Colo.2002). Plaintiff's failure to request early discovery precludes the Court from finding that he exercised reasonable diligence so as to entitle him to rely on a theory of equitable tolling.

Additionally, Plaintiff's theory that Defendants stymied his efforts to discovery the identities of Nicole Baldwin and Sharon Seeley does not aid in his quest for equitable tolling against these individuals. Plaintiff does not allege that either Nicole Baldwin or Sharon Seeley prevented him from discovering their identities or any role they allegedly played in his injury in August 2004. The Court concludes that the absence of any allegations against Defendants Baldwin and Seeley in this regard would preclude Plaintiff from relying on a theory of equitable estoppel with regard to these Defendants.

For the reasons set forth herein, the Defendants' motions to dismiss, construed as motions for summary judgment are GRANTED because Plaintiff's claims against Defendants Baldwin and Seeley are barred by the applicable statute of limitations periods.

IT IS SO ORDERED this 14th day of February 2008.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE